OPINION
{¶ 1} Defendant, Reginald Stivender, appeals from his conviction and sentence for kidnaping.
 {¶ 2} Patricia Sims was Defendant's next door neighbor. On the evening of February 28, 2001, while Ms. Sims was home watching television, Defendant came to her house and insisted, over her objection, on moving from his house to hers a bar that Ms. Sims' son wanted to purchase from Defendant. After Defendant moved the bar inside Ms. Sims' house, he grabbed her and dragged Ms. Sims out the side door of her house and back to his house.
 {¶ 3} Despite Ms. Sims' efforts to hold on to the door frame of Defendant's home, Defendant eventually pulled her inside. He then pushed her onto a couch and demanded sex. Ms. Sims attempted to stall and distract Defendant, telling him she was afraid her door would shut and lock her out of her house. Defendant said he would fix her door and told Ms. Sims to stay put. When Defendant exited his side door, Ms. Sims fled out that same door.
 {¶ 4} Defendant was subsequently indicted on one count of kidnaping in violation of R.C. 2905.01(A)(4). Following a jury trial, Defendant was found guilty as charged. The trial court sentenced Defendant to eight years imprisonment.
 {¶ 5} We granted Defendant leave to file a delayed appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 6} "IT IS ERROR TO ALLOW THE JAIL TO DICTATE PREJUDICIALLY RESTRICTIVE GUIDELINES FOR DEFENDANT'S ATTENDANCE AT JURY VIEW WITH THE RESULT THAT DEFENDANT IS FORCED TO DECIDE NOT TO ATTEND AT ALL."
 {¶ 7} Defendant argues that the trial court erred in applying overly restrictive guidelines to his attendance at the jury view which, in turn, resulted in his decision not to attend under those circumstances. Defendant alleges that as a result, he was denied a fair trial and his right to be present at every critical stage of his trial.
 {¶ 8} The regulations governing Defendant's attendance at the jury view were summarized in the trial court's comments for the record:
 {¶ 9} "The Court: Maybe the record should reflect that just before the jury view, one of the Court officers * * * represented to counsel and the Court that the policy of the jail in having the defendant attend a jury view was for them to be transported in a separate vehicle, that they would be handcuffed and shackled, they would not be permitted to vacate their automobile or whatever transportation took them to the scene, that they would not be in communication with their counsel, that the jurors would not see the defendant there, and that that procedure was the procedure that the county jail and the court officers use in a jury view." (T. 20).
 {¶ 10} Defendant objected at trial that those restrictions prevented him from participating in the jury view. Apparently feeling that the restrictions governing his attendance were too prejudicial, Defendant elected not to attend the jury view and indicated that those restrictions were the only reason why he was waiving his right to be present.
 {¶ 11} A criminal defendant has a right to be present during every critical stage of the trial proceedings. Crim.R. 43(A); Illinois v.Arlen (1970), 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353. However, a jury view is not a critical stage in the trial proceedings. State v.Cassano, 96 Ohio St.3d 94, 2002-Ohio-3751; State v. Richey,64 Ohio St.3d 353, 1992-Ohio-44; Snyder Massachusetts (1934), 291 U.S. 97,54 S.Ct. 330. R.C. 2945.16 authorizes a view of a crime scene, and the trial court has broad discretion in such matters. Richey, supra; Statev. Zuern (1987), 32 Ohio St.3d 56. In order to demonstrate reversible error, Defendant must show that he was prejudiced by his absence from the jury view. Cassano, supra; State v. Murawski (April 29, 1999), Cuyahoga App. No. 74035.
 {¶ 12} Defendant argues that the trial court too readily adopted the restrictions that jail officials wished imposed should he view the scene with the jury. However, he has not demonstrated that the restrictions governing his attendance at the jury view did other than strike a reasonable balance between his right to be present and security concerns. More importantly, Defendant has failed to suggest any specific, actual prejudice that he suffered as a result of not attending the jury view. Thus, reversible error has not been demonstrated.
 {¶ 13} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 14} "IT IS ERROR TO ALLOW A CONVICTION AND SENTENCE TO STAND WHEN THE DEFENDANT WAS DEPRIVED OF A FAIR TRIAL BY INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
 {¶ 15} In Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, the United States Supreme Court set forth the standard for judging claims of ineffective assistance of trial counsel:
 {¶ 16} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or setting aside of a death sentence requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.
 {¶ 17} "The proper standard for judging attorney performance is that of reasonably effective assistance, considering all the circumstances. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.
 {¶ 18} "With regard to the required showing of prejudice, the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Syllabus, 2. Accord: State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 19} Defendant complains that his trial counsel was ineffective for failing to call any witnesses on Defendant's behalf at trial. Defendant does not present or identify the particular evidence or witnesses that he claims counsel should have presented at trial. Thus, we do not know if such evidence even exists. State v. Parker (April 19, 2002), Montgomery App. No. 18855, 2002-Ohio-1891. It is possible that there were no witnesses favorable to Defendant available to call. On this record, deficient performance by defense counsel has not been demonstrated.
 {¶ 20} Defendant next complains that his trial counsel was ineffective for failing to explore ten questions he sets out in his brief. Defendant speculates that through these questions defense counsel could have raised serious doubts regarding the evidence presented by the State. We disagree.
 {¶ 21} All but two of Defendant's ten questions were answered directly by the testimony of the victim at trial. The victim testified in considerable detail about how Defendant moved the bar into her house and her physical scuffle with Defendant as he tried to pull her inside his house. Only Defendant and the victim were present during the attack she described, and thus this case presents a classic credibility contest. Defendant has not shown how a further exploration of the issues that his suggested questions involve would have yielded evidence favorable to the defense or rendered the victim's testimony any less worthy of belief. Defendant has not demonstrated either deficient performance by counsel or the probability of a different outcome had counsel explored these issues, which is necessary to show the prejudice that Strickland requires.
 {¶ 22} Two of the ten questions Defendant claims his counsel should have asked were not addressed by the victim's testimony. They are, in essence: (1) had Defendant wanted to force the victim to have sex, why did he drag her into his house rather than having sex with her at her house; and (2), what gender does Defendant prefer for his sexual gratification? These matters are only marginally relevant, if relevant at all, in terms of the critical issue in this case, which is whether on this occasion Defendant kidnapped this victim for the purpose of engaging in sexual activity. Defense counsel's failure to explore these collateral matters does not constitute deficient performance, much less result in the probability of a different outcome. Ineffective assistance of counsel has not been demonstrated.
 {¶ 23} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and BROGAN, J., concur.